## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## BEAUFORT DIVISION

| | | |
|---|---|---|
| Dameion Sloan, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 9:23-cv-1782-TMC |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| R. S. Dunbar, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Dameion Sloan, a federal prisoner proceeding *pro se*, filed this habeas petition pursuant to 28 U.S.C. § 2241.  (ECF No. 1).  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was automatically referred to a magistrate judge for all pretrial proceedings.  Respondent filed a motion to dismiss (ECF No. 13), and ). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), which explained the motion to dismiss process and warned Petitioner that failure to adequately respond could result in the court granting the motion to dismiss. (ECF No. 16).  The court mailed the *Roseboro* order to Petitioner at the address he provided the court, but it was returned as undeliverable as Petitioner was no longer at that facility. (ECF No. 19).  Although Petitioner failed to inform the court of his new address, the magistrate judge learned that Petitioner had been transferred to another facility, (ECF No. 20), and re-mailed the *Roseboro* order three additional times, including once on October 24, 2023, using the new address, (ECF Nos. 21; 23; 24).  The *Roseboro* order sent on October 24 was not returned as undeliverable, and, therefore, Petitioner is presumed to have received it. Nonetheless, Petitioner failed to oppose or respond to the motion to dismiss in any way.

Now before the court is the magistrate Judge's Report and Recommendation ("Report"), (ECF No. 25), concluding that Petitioner's failure to respond warrants dismissal of this action for

failure to prosecute and recommending that the court dismiss the petition without prejudice. *Id.* at 2–3. The Report was mailed to Petitioner at his new address, (ECF No. 28), and has not been returned as undeliverable. Petitioner was advised of his right to file specific objections to the Report within 14 days of service, (ECF No. 25 at 4), but failed to do so and the time has now expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the

matter with instructions.  28 U.S.C. § 636(b)(1).  However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).  Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Having reviewed the Report and, finding no clear error, the court agrees with and wholly **ADOPTS** the magistrate judge's findings and recommendations in the Report (ECF No. 25), which is incorporated herein by reference. Accordingly, the court **DISMISSES** this action without prejudice.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 20, 2024